IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMANDO JESUS CANTU, 1033896, | § | |
| Petitioner, | § | |
| | § | No. 3:04-CV-2548-N |
| v. | § | ECF |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

On March 13, 2001, Petitioner was convicted of driving while intoxicated. *The State of Texas v. Armando Jesus Cantu*, No. F-0001278-TV (292nd Jud. Dist. Ct., Dallas County, Tex., March 13, 2001). He was sentenced to ten years confinement. On January 6, 2003, the Fifth District Court of Appeals affirmed Petitioner's conviction. He did not file a petition for discretionary review.

On June 5, 2003, Petitioner filed a state application for writ of habeas corpus. *Ex parte Cantu*, Application No. 56,946-02. On November 5, 2003, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. *Id*. at cover.

On November 22, 2004, Petitioner filed this federal petition. He argues: (1) the state

violated his constitutional rights when it convicted him of an offense that occurred two months after he was convicted; (2) the jury was presented with a police officer's affidavit that contained extraneous information, specifically that the offense occurred on May 20, 2000; (3) he is actually innocent; and (4) the Court of Criminal Appeals wrongfully failed to rule on his writ of mandamus.

On March 4, 2005, Respondent filed his answer. On March 13, 2005, Petitioner filed a traverse. The Court finds the petition is barred by the one-year statute of limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

### 1. 28 U.S.C. § 2244(d)(1)(A)

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On January 6, 2003, the Fifth District Court of Appeals affirmed Petitioner's conviction. He did not file a petition for discretionary review. His conviction therefore became final thirty days later, on February 5, 2003. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until February 5, 2004, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 5, 2003, Petitioner filed a state application for habeas relief. This application tolled the limitations period for 154 days, until the Court of Criminal Appeals denied the petition on November 5, 2003. When 154 days are added to the limitations period, the new federal deadline is July 7, 2004.

Petitioner's federal petition was due by July 7, 2004. He did not file his petition until November 22, 2004. His petition is therefore untimely.

---

        applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### 2. 28 U.S.C. § 2244(d)(1)(D)

Petitioner also argues his petition is timely under § 2244(d)(1)(D). That section states that the limitations period runs from the date the factual predicate of the claim could have been discovered through the exercise of due diligence.

Petitioner argues he has new information showing that the offense was committed on May 20, 2001, rather than May 20, 2000, as charged in the indictment. To substantiate his claim, he attaches a page from his own appellate brief that apparently contains the following typographical error regarding the date of the incident: "Office[r] Remington testified that while working at approximately 8 p.m. on May 20, 2001, two citizens contacted him . . . . (R.R. vol.3:14-16)." The trial transcripts show that Officer Remington actually testified that the offense occurred on May 20, *2000*. Petitioner's claim of new information is frivolous. Further, with the exercise of due diligence, Petitioner could have discovered the alleged date of the incident at the time of trial.

Petitioner also states that the Court of Criminal Appeals failed to rule on his petition for writ of mandamus because his claims were unexhausted. The Court of Criminal Appeals, however, construed the petition as a motion for leave to file and denied the motion on October 8, 2003. Petitioner therefore knew of this claim more than one year prior to filing his federal petition.

### B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to show that he was actively misled by Respondent or that he was prevented in some extraordinary way from asserting his rights.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 6TH day of June, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).